[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THIRD-PARTY DEFENDANT HASSETT'S MOTION FOR RECONSIDERATION (#122) AND THIRD-PARTY PLAINTIFF D'AMATO'S OBJECTION TO MOTION FOR RECONSIDERATION (#127)
FACTS
Third-party plaintiff, Melysa D'Amato, filed an amended CT Page 8530 third-party complaint (#110) seeking contribution under General Statutes 52-572h from three third-party defendants (Marchese, Hassett and Aresco). Each third-party defendant filed motions to strike (#111, #112, and #115 respectively) arguing, inter alia, that the third-party plaintiff's claim for contribution was legally insufficient as a matter of law as it failed to allege the necessary elements of contribution as provided by General Statutes 52-572h.[1] The motions to strike were denied because "[a]lthough the third-party defendants' argument is persuasive, a motion to strike is not the proper vehicle to raise this special defense where it requires the court to look beyond the pleadings. A special defense cannot be raised in a motion to strike."
General Statutes Sec. 52-572h clearly states that contribution may not be sought until after final judgment. Rondeau v. Ritenour, 1 Conn. L. Rptr. 413, (March 28, 1990, Spear, J.); Gurton v. Board of Education, 3 Conn. L. Rptr. 591 (April 29, 1991, Hodgson, J.). Counts one, two and three of third, party plaintiff D'Amato's amended complaint are legally insufficient to state a cause of action for contribution as there has not been a final judgment.
The court hereby grants third-party defendant Hassett's motion for reconsideration and overrules third-party plaintiff D'Amato's objection to that motion, (#127). Notwithstanding that only third-party defendant Hassett has filed a motion for reconsideration, the court hereby vacates its decision dated September 8, 1993 (#117) as to all three of the third-party defendants (Marchese, Hassett and Aresco). The motions to strike counts one, two and three of the third-party plaintiff's amended complaint are granted.
It is so ordered.
ARENA, J.